103 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin DANIELS, Defendant-Appellant.
 No. 95-4056.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1996.
Decided Nov. 19, 1996.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Kevin Daniels pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine. 21 U.S.C. §§ 841(a)(1), 846. The district judge sentenced Daniels to 192 months imprisonment and five years supervised release. Daniels' attorney has filed a motion to withdraw as counsel on the ground that an appeal would be frivolous. See Anders v. United States, 386 U.S. 738 (1967). Counsel has also filed a brief in which he discusses the arguments that Daniels might wish to raise and explains why such arguments are without merit. Pursuant to Circuit Rule 51(a) this court notified Daniels of his right to respond to his attorney's motion. He has not done so. Although we could dismiss the appeal due to Daniels' failure to respond, Circuit Rule 51(c), we will address the issues that merit discussion. We nevertheless conclude that there is no non-frivolous issue to be decided on appeal.
 
 
 2
 Daniels has not indicated to this court or to the district court that he wishes to withdraw his guilty plea. Thus, we need not examine his conviction; we limit our discussion to his sentence. With respect to Daniels sentence there is only one issue that merits discussion. This issue relates to the judge's decision to sentence Daniels as a career offender. A defendant qualifies for the "career offender [enhancement] if: (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.
 
 
 3
 There is no doubt that Daniels met the first two criteria of § 4B1.1. The issue concerns the number of felony convictions for controlled substance offenses Daniels qualifies for under the Guidelines. Daniels was arrested on three separate occasions in 1987 for controlled substance offenses. The cases were consolidated for trial and Daniels was convicted in a California state court for three counts of possession of cocaine base for sale and given concurrent sentences. In order to determine whether prior criminal conduct counts as a single conviction or as multiple convictions under § 4B1.1, that section directs us to § 4A1.1, which in turn relies on § 4A1.2 as to when sentences are to be counted separately. Section 4A1.2 states that for purposes of § 4A1.1 (and therefore § 4B1.1) prior sentences in unrelated cases are to be counted separately while sentences in related cases are to be treated as a single sentence. The Commentary informs us that when the prior convictions "were for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense) [then the sentences are not considered related and are counted separately.]" U.S.S.G. § 4A1.2, Application Note 3. This was the case with Daniels, and therefore seems to present a straightforward case in which to count his prior convictions separately as Judge Evans did in imposing sentence.
 
 
 4
 There is a twist, however, in the present case. The guidelines and commentary on related sentences did not always read as they presently do. Prior to November 1991, cases were considered related if they were consolidated for trial, even if the crimes were separated by intervening arrests. See U.S.S.G. § 4A1.2, Application Note 3 (1990); U.S.S.G., Appendix C, Amendment 382. Thus, under the version of the Guidelines that was in effect at the time that the district judge sentenced Daniels, December 1995, and at the time he committed the federal crime for which he was being sentenced, from about June 1992 to March 1995, Daniels' three state court convictions for possession with intent to distribute a controlled substance would count as three prior felony convictions and would thus qualify him for career offender treatment. U.S.S.G. § 4B1.1. However, under the version of the Guidelines that was in place in 1987 (which was the year in which Daniels committed, was convicted of, and was sentenced for the three felonies that the district court concluded qualified as at least two prior felony convictions for controlled substances offenses) the three convictions, obtained at a consolidated trial, would only count as one prior felony. In that, apart from the three California drug convictions, there was no other crime of violence or controlled substance offense listed in Daniels' criminal history profile, if the pre-1991 version applies in this case, then the district judge committed error in sentencing Daniels as a career criminal.
 
 
 5
 Courts are to apply the version of the Sentencing Guidelines in effect on the date that the defendant is sentenced, unless doing so will result in a violation of the Ex Post Facto clause of the United States Constitution. Art. I, § 9, cl. 3. In the present case, the crime that formed the basis for the instant conviction (and the present appeal) occurred after the change in the Guidelines section in question and therefore does not raise a concern regarding the Ex Post Facto clause. See Miller v. Florida, 482 U.S. 423, 430 (1987) (holding that a necessary element of a law's violating the Ex Post Facto clause is the law's application to events occurring before its enactment); accord United States v. Beals, 87 F.3d 854, 857 (7th Cir.1996). Therefore, the only issue is whether the use of the amended version of U.S.S.G. § 4A1.2, Application Note 3 to determine that Daniels' had three prior convictions for controlled substances offenses, when he would be considered to have only one conviction under the version of that section that was in place when he committed those prior offenses, violates the Ex Post Facto clause. It does not because recidivist statutes do not violate the Ex Post Facto clause even if they apply increased punishment for past crimes that occurred prior to the implementation of those statutes. See Gyger v. Burke 334 U.S. 728, 732 (1948) ("Nor do we think that the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act [which enhanced the punishment for being a four time offender] occurred before the Act was passed, makes the Act invalidly retroactive...."); Beals, 87 F.3d at 859 ("[T]he recidivist cases correctly hold that recidivist statutes do not violate the Ex Post Facto Clause, despite taking into account pre-statute offenses in determining punishment."). As such, there is no non-frivolous basis on which Daniels can bring an appeal.
 
 
 6
 The motion of counsel to withdraw is GRANTED and the judgment and sentence of the district court is .firmed.